IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KENDALL SHAKUR, on behalf of
herself and others similarly situated,

    Plaintiff,

vs.                                          **COLLECTIVE ACTION**

QUICK GRAB N GO LLC, a Florida
Limited Liability Company, and
HASEEB A. KHAN, an individual,
jointly and severally,

    Defendants.
_____ /

**COMPLAINT**

**INTRODUCTION**

    1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime and compensation owed to Plaintiff KENDALL SHAKUR, and all others similarly situated to her who were formerly or are currently employed as retail clerks by Defendants QUICK GRAB N GO LLC and HASEEB A. KHAN. Plaintiff brings a second claim on her behalf only (not on behalf of a putative class) for unpaid minimum wages for having to attend mandatory daily training for a period of time before she was "officially" hired.

    2.    Pursuant to the FLSA, Plaintiff, on behalf of herself[1] and all others

---

[1] Incorporated in this Complaint is Plaintiff Shakur's electronically signed consent to join this

1

similarly situated to her, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendants QUICK GRAB N GO LLC and HASEEB A. KHAN.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendants and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Seminole County, Florida and within the Middle District of Florida.

## PARTIES

6. Plaintiff KENDALL SHAKUR (hereinafter "Plaintiff" or "SHAKUR") was, at all material times, a resident of Seminole County, Florida and was employed as

action.

an hourly wage retail clerk by Defendants QUICK GRAB N GO LLC and HASEEB A. KHAN for their retail gas station/convenience store in Seminole County, Florida, from December 30, 2022 until her termination from employment on or about December 9, 2023.

7. Defendant HASEEB A. KHAN, (hereinafter "KHAN"), who resides in the Middle District of Florida, was, and still is, an owner and/or operator of Defendant QUICK GRAB N GO LLC.

8. Defendant KHAN acted and acts directly in the interests of QUICK GRAB N GO LLC, in relation to its employees, including the Plaintiff and all others similarly situated, in that KHAN hired employees, set their pay rate, determined their work schedule, and ultimately terminated many employees. Thus, KHAN was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

9. At all times material, Plaintiff was an employee of QUICK GRAB N GO LLC and KHAN within the meaning of the FLSA.

10. At all times material, during Plaintiff's employment with Defendant QUICK GRAB N GO LLC, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and regularly used instrumentalities of interstate commerce in making sales through out of state banks by processing credit and debit card transactions.

11. At all times material, Defendant QUICK GRAB N GO LLC was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with

annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, QUICK GRAB N GO LLC is a Florida Limited Liability Company doing business within the Middle District of Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, QUICK GRAB N GO LLC operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and QUICK GRAB N GO LLC obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

12. The allegations in Paragraphs 1 through 11 are incorporated as if fully stated herein.

13. Plaintiff is a non-exempt former employee of Defendants QUICK GRAB N GO LLC and KHAN who worked as an hourly waged retail clerk for Defendants' gas station/convenience store located in Seminole County, Florida.

14. From on or about December 30, 2022 until December 9, 2023, Plaintiff worked more than 40 hours per week during many weeks of her employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid only straight time for all hours worked, even those hours in excess of forty per work week.

15. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

16. Defendants pay all of their hourly wage employees in the same fashion. There are several other current and former employees who worked in various positions who were paid only straight time for overtime hours, and are thus owed the half-time premium as well.

## LEGAL CLAIMS
### COUNT I
**Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by All Defendants**

17. The allegations in Paragraphs 1 through 16 are realleged and fully incorporated by reference herein.

18. By its actions alleged above, Defendants QUICK GRAB N GO LLC and KHAN, willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

19.     As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to her have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A.    To authorize the issuance of notice at the earliest possible time to all current and former hourly waged employees who were employed by Defendants and who worked overtime. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B.    To declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C.    To declare that Defendants' violations of the FLSA were willful;

D.    To award Plaintiff and other similarly situated current and former employees of Defendants adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E.    To award Plaintiff and other similarly situated current and former

employees of Defendants liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F.   If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.   To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H.   To award Plaintiff and other similarly situated current and former employees of Defendants their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## LEGAL CLAIMS
## COUNT II
### Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206 by All Defendants

20.   The allegations in Paragraphs 1 through 13 are realleged and fully incorporated by reference herein.

21.   As a perquisite to be hired, Defendants required the Plaintiff to attend mandatory, unpaid, and on-site training that spanned over at least 3 weeks, two to three hours per day for five days per week, for approximately 35-45 hours.

22.   As a result, Plaintiff attended mandatory training for the benefit of Defendants' retail store without compensation.

23.   By its actions alleged above, Defendants QUICK GRAB N GO LLC and KHAN, willfully, knowingly and/or recklessly violated the provisions of FLSA, which

requires minimum wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 206.

24.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wages in amounts to be determined at trial, and is entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Court to grant the following relief:

A.      To declare that Defendants have violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206, as to Plaintiff;

B.      To declare that Defendants' violations of the FLSA were willful;

C.      To award Plaintiff adequate damages for the amount of unpaid minimum wage compensation they are owed, subject to proof at trial;

D.      To award Plaintiff liquidated damages in an amount equal to the unpaid minimum wage compensation shown to be owed pursuant to 29 U.S.C. §216(b);

E.      If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

F.      To award Plaintiff her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, KENDALL SHAKUR, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/KENDALL SHAKUR*
KENDALL SHAKUR


Dated: January 9, 2024
Plantation, Florida

                                        Respectfully submitted,

                                        */s/Robert S. Norell*
                                        Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                        E-Mail: rob@floridawagelaw.com
                                        **ROBERT S. NORELL, P.A.**
                                        300 N.W. 70th Avenue
                                        Suite 305
                                        Plantation, Florida 33317
                                        Telephone: (954) 617-6017
                                        Facsimile: (954) 617-6018
                                        *Counsel for Plaintiff*